**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROCMON L. SANDERS,**<br>**Plaintiff,**<br>**v.**<br>**TOWNSHIP OF GLOUCESTER, NJ, *et al.*,**<br>**Defendants.** | **Case No. 26–cv–05343–ESK–EAP**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on *pro se* plaintiff Rocmon L. Sanders's second amended complaint (ECF No. 8 (Second Am. Compl.)) and revised application (Application) to proceed *in forma pauperis* (IFP) (ECF No. 10); and the Court finding,

1. Sanders is a pretrial detainee at the Camden County Correctional Facility. (Second Am. Compl. p. 8.) On May 12, 2026, Sanders and Sonya L. Rawlins commenced this action. (ECF No. 1.) They filed an amended complaint on June 30, 2026. (ECF No. 5.) On July 29, 2026, Sanders filed a second amended complaint removing Rawlins as a plaintiff. (ECF No. 8.) Sanders asserts various civil rights violations and criminal claims for referral to the United States Attorney against the Township of Gloucester and its mayor, the Gloucester Township Police Department, and several individual police officers. (*Id.* pp. 7–13.)

2. Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

3. Sanders's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

4. The Court shall accordingly screen the action to determine whether the complaint is: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). 28 U.S.C. §1915(e)(2)(B) directs courts to dismiss an action if it fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also Talley v. Simandle*, 599 F. App'x 33, 34 (3d Cir. 2015) ("In screening IFP complaints, a district court must dismiss an action if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune to such a claim."). A complaint that fails to state a claim may be dismissed with prejudice upon a finding that amendment would be futile. *See Emrit v. Republic of Cuba*, No. 24–04707, 2025 WL 755694, at *3 (D.N.J. Mar. 10, 2025).

5. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

7. Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal of civil rights claim under 42 U.S.C. §1983 for lack of subject-matter jurisdiction where the *pro se* plaintiff failed to allege facts sufficient to show the deprivation of a federal right or that the defendants were state actors).

8. Here, Sanders alleges that defendants "acted under color of state law" when violating his rights. (Second Am. Compl. p. 9.) Sanders attributes racial prejudice to the "disrespectful and overly aggressive" encounter he had with police on February 10, 2026. (*Id.* p. 20.) Police arrived at Sanders's girlfriend's home and refused to leave despite not having a warrant. (*Id.* pp. 20, 21.) They forced their way into the home, and although Sanders surrendered himself, he was tased and incapacitated. (*Id.* pp. 22, 23.) Sanders was transported to the hospital, from which he was taken to the Gloucester Township police station. (*Id.* p. 24.) Sanders's request to speak with internal affairs was denied, and police prepared a false report to mislead the prosecutor and court about the incident. (*Id.* pp. 24, 25.)

9. Sanders seeks relief pursuant to 18 different statutes, eight of which are criminal. (*Id.* p. 4.) Rather than assert these statutes in separate counts, within which factual allegations are alleged with particularity, Sanders puts the burden on the Court to determine what facts relate to what statutory claim. (*See id.* pp. 20–49.)

10. Since it is well settled that a plaintiff cannot assert civil claims under criminal statutes, the claims based on criminal statutes are frivolous. *See Cort v. Ash*, 422 U.S. 66, 79–80 (1975) (holding that no private right of action exists under criminal statutes absent a clear statutory basis); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile). To the extent Sanders asserts a civil claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964, such a claim may be used only "to recover 'concrete financial loss' in the form of an injury to property or business[;] personal injury or emotional harm are not proper bases for a RICO claim." *Murray v. United States*, No. 21–04903, 2021 WL 4772174, at *6 (D.N.J. Oct. 13, 2021) (quoting *Cabbagestalk v. United States*, No. 21–04902, 2021 WL 2260517, at *1–4 (D.N.J. June 3, 2021)). Defendants' alleged constitutional violations do not constitute loss under RICO. *Id.*

11. Sanders's civil claims are also meritless. To state a claim under 42 U.S.C. § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Beyond the conclusory allegation that racial prejudice was at play (Second Am. Compl. p. 20), Sanders does not allege that he is a member of

a racial minority (*see generally id.*). Nor does Sanders allege any facts that suggest intentional discrimination. Since claims pursuant to 42 U.S.C. §1981 are limited to claims relating to employment, this statute cannot provide a basis for relief to Sanders.

12. Claims pursuant to 42 U.S.C. §1983 can only be brought against a person acting under color of state law. *Durham v. N.J. Dep't of Corrs.*, No. 22–05482, 2025 WL 642469, at *4 (D.N.J. Feb. 26, 2025). Since "neither states nor divisions of state government are 'persons' for purposes of [42 U.S.C.] §1983 liability," these claims against the Township of Gloucester and the Gloucester Police Department cannot proceed. *Gray v. Hagner*, No. 19–15867, 2019 WL 5078729, at *2 (D.N.J. Oct. 10, 2019). To plead a claim for such relief against a municipal office, a plaintiff must assert a *Monell* claim, "show[ing] that the municipality implemented a policy, ordinance, regulation, or custom which caused the deprivation of that plaintiff's rights." *Hudson v. McGlynn*, No. 24–06729, 2025 WL 262151, at *2 (D.N.J. Jan. 22, 2025). Similarly, claims for damages against individual municipal employees in their official capacities are not cognizable unless the requirements of *Monell* are met. *Id.* Sanders failed to allege any facts that there was a custom, policy, or ordinance that unlawfully caused the actions of defendants. To the extent *Monell* claims can be brought against all defendants, the requirements are not satisfied.

13. To state a 42 U.S.C. §1985 claim for conspiracy to deprive a person of their rights, a plaintiff must allege that the "conspiracy [was] motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Mendez v. N.J. State Lottery Comm'n*, 532 F. App'x 41, 45 (3d Cir. 2013) (quoting *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)). Sanders fails to allege such a motivation or sufficient facts to support this claim. Since no 42 U.S.C. §1983 violation was plausibly alleged, a conspiracy under 42 U.S.C. §1985 cannot exist. Similarly, "transgressions of [42 U.S.C.] §1986 by definition depend on a preexisting violation of §1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Because Sanders has not stated a claim under 42 U.S.C. §1985, his 42 U.S.C. §1986 claim also fails.

14. Sanders asserts a claim under 42 U.S.C. §1987 for referral to the United States Attorneys Office, which he labels "Prosecution for Violation of Certain Laws." Sanders also seeks fees pursuant to 42 U.S.C. §1988. Since 42 U.S.C. §1987 and 42 U.S.C. §1988 do not provide private rights of actions, these claims will be dismissed. *See Krasil v. Betze*, No. 22–06914, 2023 WL 6635319, at *18 (D.N.J. Oct. 12, 2023); *Karupaiyan v. Singh*, No. 21–15996, 2021 WL 9563536 (D.N.J. Nov. 12, 2021), *aff'd*. No. 21–03163, 2022 WL 6634603 (3d Cir. Mar. 1, 2022).

15. Pursuant to Title II of the Civil Rights Act, Sanders also seeks relief for discrimination by places of public accommodation under 42 U.S.C. §§2000a-1, 2000a-2, and 2000-6. (*See* Second Am. Compl. p.4.) "A Title II claim requires a plaintiff to demonstrate that she (1) is a member of a protected class; (2) attempted to contract for services and afford herself the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyment of a public accommodation; and (4) such services were available to similarly situated persons outside her protected class who received full benefits or were treated better." *Waiters v. Republic Bank*, No. 24–05728, 2024 WL 1928331, at *2 (D.N.J. May 2, 2024). Title II limits places of public accommodations to include "lodgings; facilities principally engaged in selling food for consumption on the premises; gasoline stations; places of exhibition or entertainment." 42 U.S.C. §2000a(b); *Waiters*, 2024 WL 1928331, at *2 (noting that "Title II's list of covered establishments is comprehensive" and excludes establishments not listed). Furthermore, before bringing a claim under Title II, a plaintiff "must first notify [a] state or local government entity authorized to grant relief from the alleged discrimination or to institute criminal proceedings." 42 U.S.C. §2000a-3(c); *Livingstone v. Hugo Boss Store, Atl. City, NJ*, 2021 WL 3910149, at *5 (D.N.J. Sept. 1, 2021) ("[A] Title II plaintiff must demonstrate that he or she has satisfied the notice requirement before a federal court has subject matter jurisdiction to hear the plaintiff's claim.") In addition to the second amended complaint not involving a place public accommodation, Sanders fails to assert that he is a member of a protected class or that the notice requirement has been satisfied. (*See generally* Second Am. Compl.)

Accordingly,

**IT IS** on this **31st** day of **August 2026** **ORDERED** that:

1. The Application (ECF No. 10) is **granted**.

2. The second amended complaint is dismissed. All claims, except those asserted under 42 U.S.C. §§1983 and 1985, are **dismissed with prejudice**. Sanders may file an amended complaint by **September 30, 2026** addressing the deficiencies outlined above as to his 42 U.S.C. §§1983 and 1985 claims. The Court reserves the right to dismiss this action with prejudice for failure to timely file an amended complaint.

3. Pursuant to 28 U.S.C. §1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this order by regular mail upon the New Jersey Attorney General's Office and the warden of the Camden County Correctional Facility.

4. Sanders is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this order pursuant to 28 U.S.C. §1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Sanders's case is otherwise administratively terminated or closed, 28 U.S.C. §1915 does not suspend installment payments of the filing fee or permit refund of the filing fee, or any part of it, that has already been paid.

5. The warden of Camden County Correctional Facility or other appropriate official shall assess an initial payment of 20% of the greater of (a) the average monthly deposits to Sanders's account; or (b) the average monthly balance in Sanders's account for the six-month period immediately preceding the filing of the complaint. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Clerk of the Court within **21 days** of this order.

6. Pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if Sanders owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, his monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Sanders would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, *etc.*, until all fees have been paid in full.

7. Pursuant to 28 U.S.C. §1915(b)(2), in each month that the amount in Sanders's account exceeds $10.00, the agency having custody of Sanders shall assess, deduct from Sanders's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited.

8. The Clerk shall send a copy of this order to Sanders by regular mail and mark this case **closed**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**